T.C. Summary Opinion 2007-197

UNITED STATES TAX COURT

CHAD W. AND ALIZA KOLD-WARREN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24445-05S.                    Filed November 21, 2007.

Chad W. and Aliza Kold-Warren, pro se.

<u>Michael S. Hensley</u>, for respondent.


WHALEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other cases.

The Court issued a bench opinion in this case on November 16, 2006, and directed therein that the decision be entered pursuant to the procedures set forth in Rule 155 of the Tax Court Rules of Practice and Procedure. In accordance with those procedures, each party submitted a computation of the deficiency. Respondent's Computation for Entry of Decision was filed March 21, 2007. Petitioners' Alternative Computation for Entry of Decision was filed April 5, 2007. Respondent's Reply to Petitioners' Alternative Computation for Entry of Decision, referred to herein as respondent's revised computation, was filed June 15, 2007. The case is before the Court to resolve the differences between the parties regarding the amount of the deficiency to be entered by the Court.

Respondent's original computation asks the Court to redetermine a deficiency for 2002 of $10,246 and to redetermine petitioners' liability for a penalty of $2,049.20 under section 6662(a). Respondent's revised computation concedes that the original computation is incorrect on a number of points. Respondent's revised computation asks the Court to decide that there is a deficiency of $5,913 in petitioners' income tax for 2002, as computed in respondent's revised computation, and to decide further that petitioners are liable for an accuracy-

related penalty under section 6662(a) in the amount of 20 percent of the deficiency, or $1,182.60.

Petitioners' alternative computation asks the Court to decide that the amount of the deficiency is $2,225. Petitioners' computation does not discuss the accuracy-related penalty under section 6662(a). Nevertheless, we note that the Court expressly sustained respondent's determination of the accuracy-related penalty in its bench opinion, and petitioners' liability for the accuracy-related penalty under section 6662(a) is not in issue in these proceedings under Rule 155. The decision in this case will include petitioners' liability for an accuracy-related penalty in the amount of 20 percent of the deficiency.

A summary of the deficiency computations of both parties is appended hereto as Appendix. There are six differences between petitioners' computation and respondent's revised computation. The attached summary highlights those six differences. We address each of them below.

Item No. 1: Petitioners' computation claims a capital loss of $1,848, whereas respondent's revised computation allows a capital loss of $1,719, a difference of $129. Paragraph 13 of the Stipulation of Facts states that petitioners incurred a capital loss of $1,719 during 2002. Accordingly, the capital loss allowed in respondent's revised computation is correct.

Item No. 2: Petitioners' computation claims miscellaneous deductions, subject to the 2-percent of adjusted gross income limitation, of $18,191, whereas respondent's revised computation allows a higher amount, $18,360, a difference of $169. The amount allowed by respondent is the sum of $16,672, and $1,688. These amounts are set forth in paragraphs 6 and 7 of the Stipulation of Facts, respectively. They relate to deductions for depreciation and other automobile expenses for the unreimbursed employee business use of petitioners' truck. Accordingly, the miscellaneous deductions, subject to the 2-percent of adjusted gross income limitation, allowed in respondent's revised computation, $18,360, is correct.

Item No. 3: Petitioners' computation calculates tax of $8,439, based upon taxable income of $59,421.52, whereas respondent's revised computation calculates tax of $9,827, based upon taxable income of $59,384. The tax computed by respondent is $1,388 more than the tax computed by petitioners. Respondent's tax computation, based upon the tax table for married individuals filing joint returns, is correct, i.e., (($59,384-$46,700) x .27) +$6,405.

Item No. 4: Petitioners compute no alternative minimum tax, whereas respondent's revised computation computes alternative minimum tax of $1,688. The alternative minimum tax is not mentioned in the Stipulation of Facts, and it was not raised as

an issue at trial. In their computation, petitioners point out that alternative minimum tax of $1,553 was reported on their return for 2002, but no alternative minimum tax was determined "per exam". In effect, petitioners' computation suggests that alternative minimum tax is not applicable because none was computed in the notice of deficiency.

We disagree. There is nothing in the record to suggest that respondent conceded the alternative minimum tax in this case, and petitioners have shown no reason why the alternative minimum tax is not applicable. No alternative minimum tax was determined by respondent in the notice of deficiency because there was no excess of tentative minimum tax over regular tax, based upon the adjustments determined in the notice of deficiency. See sec. 55(a). Based upon the adjustments redetermined in these proceedings, the situation is different. This is simply a computational matter. We agree with respondent that alternative minimum tax is applicable, and we agree with the amount computed in respondent's revised computation, $1,688.

Item No. 5: Petitioners claim a child tax credit of $500, the same amount claimed on their return, whereas respondent's revised computation allows zero. Respondent disallowed the child tax credit in the notice of deficiency as a result of the application of the limitation based on petitioners' adjusted gross income. See sec. 24(b)(1). Similarly, based upon the

adjusted gross income redetermined in these proceedings, petitioners are still not entitled to the child tax credit by reason of the limitation set forth in section 24(b)(1).

Item No. 6: Petitioners' computation claims a credit for Federal income tax withheld of $5,714, whereas respondent's revised computation allows a credit of $5,602, or $112 less. We note that petitioners' return claimed a refund of $112. Respondent's revised computation correctly reduced the amount of the credit for Federal income tax withheld by the amount claimed by petitioners as a refund on their return.

For the reasons set forth above, we agree with the computation of the deficiency set forth in respondent's revised computation. Accordingly,

Decision will be entered in accordance with respondent's reply to petitioners' alternative computation for entry of decision.

Appendix

| | Petitioners | Respondent | | Differences |
|---|---|---|---|---|
| Wages | 128,299.00 | 128,299.00 | | |
| Taxable interest | 2,456.00 | 2,456.00 | | |
| Dividends | 22.00 | 22.00 | | |
| Capital gain or loss | -1,848.00 | -1,719.00 | -129.00 | 1 |
| Rental real estate losses | -25,000.00 | -25,000.00 | | |
| Other income: gambling | 18,947.00 | 18,947.00 | | |
| Adjusted gross income | 122,876.00 | 123,005.00 | -129.00 | |
| Medical and dental | -0- | -0- | | |
| Taxes | 9,003.00 | 9,003.00 | | |
| Home interest | 10,021.00 | 10,021.00 | | |
| Contributions | 750.00 | 750.00 | | |
| Miscellaneous deductions subject to 2% AGI limit | 18,191.00 | 18,360.00 | -169.00 | 2 |
| 2% AGI | 2,457.52 | 2,460.00 | -2.48 | |
| Excess miscellaneous deductions | 15,733.48 | 15,900.00 | -166.52 | |
| Other miscellaneous deductions | 18,947.00 | 18,947.00 | | |
| Total itemized deductions | 54,454.48 | 54,621.00 | -166.52 | |
| Adjusted gross income | 122,876.00 | 123,005.00 | -129.00 | |
| Total itemized deductions | 54,454.48 | 54,621.00 | -166.52 | |
| AGI less itemized deductions | 68,421.52 | 68,384.00 | 37.52 | |
| Exemptions | -9,000.00 | -9,000.00 | -0- | |
| Taxable income | 59,421.52 | 59,384.00 | 37.52 | |
| Tax from tax table | 8,439.00 | 9,827.00 | -1,388.00 | 3 |
| Alternative minimum tax | -0- | 1,688.00 | -1,688.00 | 4 |
| Less credits (child care) | 500.00 | -0- | 500.00 | 5 |
| Total tax less credits | 7,939.00 | 11,515.00 | -3,576.00 | |
| Federal tax withheld | 5,714.00 | 5,602.00 | 112.00 | 6 |
| Deficiency | 2,225.00 | 5,913.00 | -3,688.00 | |